**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| SHALANDA PATTERSON, ADMINISTRATOR OF THE ESTATE OF DEVENNA A. PATTERSON, *et al.*, | :<br>:<br>:<br>: Case No. 3:19-cv-395<br>:<br>: Judge Thomas M. Rose |
| Plaintiffs, | : |
| v. | : |
| SERVICE PLUS TRANSPORT, INC., *et al.*, | : |
| Defendants. | : |

___

**ENTRY AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE (DOC. 9); ORDERING LIMITED DISCOVERY REGARDING CITIZENSHIP; AND, ESTABLISHING SUPPLEMENTARY BRIEFING SCHEDULE**
___

Pending before the Court is Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 7) ("Motion to Remand"), filed on March 23, 2020 by Shalanda Patterson, both personally ("Shalanda") and as the administrator of the Estate of Devenna A. Patterson ("Patterson Estate") (collectively, the "Plaintiffs"). Plaintiffs ask the Court to remand this case to the Clark County Court of Common Pleas because the Notice of Removal (Doc. 1) ("Removal Notice") filed by Defendants Service Plus Transport, Inc., Service Plus Logistics, Inc., Service Plus, LLC, and SP Leasing, LLC (collectively, the "Service Plus Defendants") lacks unanimity and because there is not complete diversity of citizenship.

In the Complaint (Doc. 4), Plaintiffs allege that Timothy B. Green ("Timothy") drove a semi tractor-trailer off a roadway on February 17, 2019 and that both Timothy and his passenger,

1

Plaintiffs' decedent Devenna A. Patterson ("Devenna"), suffered fatal injuries as a result. Plaintiffs bring claims for wrongful death, *inter alia*, on behalf of both the Patterson Estate and Shalanda in her individual capacity. On December 20, 2019, Service Plus Defendants filed the Removal Notice, asserting that this Court has subject matter jurisdiction over the case, despite the Complaint's allegations that Shalanda, Devenna, and Defendant Estate of Timothy B. Green ("Green Estate") are citizens of Ohio.[1] The Removal Notice contests Plaintiffs' assertion that Timothy was a citizen of Ohio at the time of his death. The Removal Notice also arguably implies that Plaintiffs fraudulently joined the Green Estate as a defendant for the purpose of destroying diversity jurisdiction.

In their Motion to Remand, Plaintiffs claim that the Removal Notice is defective in three ways. First, Plaintiffs argue that there is not complete diversity between the parties. Second, Plaintiffs argue that Service Plus Defendants violated the "rule of unanimity" by not obtaining consent from all defendants prior to removal. Third, Plaintiffs argue that Service Plus Defendants' implication of fraudulent joinder is untrue.

On April 13, 2020, Service Plus Defendants filed a Memorandum in Opposition to the Motion to Remand (Doc. 8) ("Brief in Opposition"), which attaches documents as its Exhibits B, C, and D (the "Exhibits"). The Exhibits are: a Facebook post that purportedly shows Devenna lived in Prichard, Alabama; a newspaper obituary that purportedly shows Devenna's funeral took place in Mobile, Alabama; and, a document that purportedly shows Devenna's active voter status from AlabamaVotes.gov. In the alternative to denying the Motion to Remand, Service Plus Defendants ask the Court to allow limited discovery regarding the "domiciles" of both Plaintiffs

---

[1] *See* 28 U.S.C. § 1332(c)(2) ("For the purposes of [28 U.S.C. § 1332] and [28 U.S.C. §] 1441 … the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ….").

2

and the Green Estate for purposes of the diversity jurisdiction issue.[2] On May 4, 2020, Plaintiffs filed a Reply in Support of the Motion to Remand (Doc. 11) ("Reply").

Also pending before the Court is Plaintiffs' Motion to Strike the Exhibits (Doc. 9) ("Motion to Strike"), filed on April 24, 2020. In the Motion to Strike, Plaintiffs argue that the Exhibits are inadmissible under the Federal Rules of Evidence. On May 14, 2020, Service Plus Defendants filed a response to the Motion to Strike ("Response") (Doc. 12), arguing that "admissible evidence is not required" at the motion to remand stage and that the Court should deny the Motion to Strike. (*Id.* at PAGEID # 200.)

For the reasons discussed below, the Court finds that Plaintiffs waived their right to object to removal based on lack of unanimity. Additionally, the Court denies the Motion to Strike. The Court grants Service Plus Defendants' alternative request for limited discovery. The Court will not decide the Motion to Remand at this time (prior to the completion of some limited discovery and supplemental briefing), including the issue of whether Plaintiffs fraudulently joined the Green Estate as a defendant.

## I. LEGAL STANDARDS FOR REMOVAL AND FRAUDULENT JOINDER

A defendant may remove a civil action brought in state court to a federal district court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The burden of establishing jurisdiction falls on the removing party. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2000). If a case does not involve a federal question, then district courts have original jurisdiction only if the amount in controversy exceeds $75,000 and there is complete

---

[2] *See Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014) ("[f]or purposes of diversity jurisdiction, citizenship means domicile: the state where a party both physically resides and intends to remain … [and] domicile is not necessarily synonymous with residence") (internal quotation marks omitted); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States").

diversity of citizenship. 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b)(2); *see Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). "Diversity of citizenship must exist as to a party both at the time the state action is commenced and at the time the defendant files for removal." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993). A case removeable to federal court solely based on diversity of citizenship jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Nevertheless, a non-diverse defendant who has been fraudulently joined in the action to defeat diversity jurisdiction is disregarded for purposes of establishing federal jurisdiction. *Ludwig v. Learjet, Inc.*, 830 F. Supp. 995, 997 (E.D.Mich. 1993); *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 946-49 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1996). "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," then the federal court "must remand the action to state court." *Id.* Finally, "[a]ll disputed questions of fact or ambiguities in the controlling . . . state law" must be resolved "in favor of the non-removing party." *Id.* (internal quotation marks omitted). And, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.*

## II. ANALYSIS OF PLAINTIFFS' CLAIM THAT SERVICE PLUS DEFENDANTS VIOLATED THE RULE OF UNANIMITY

Plaintiffs argue that Service Plus Defendants violated the Rule of Unanimity, a technical defect in removal process derived from 28 U.S.C. § 1446. Section 1446(b)(2)(A) requires all defendants who have been properly joined in the action to join in, or consent to, the removal of

4

the action. Plaintiffs assert that Service Plus Defendants failed to join, or obtain written consent from, Defendants C.D.L. Training Service and Consulting, Inc. and the Green Estate prior to filing the Removal Notice.  Plaintiffs, therefore, ask that the Court remand the case to state court. (Doc. 7 at PAGEID # 136-37.)

Plaintiffs cite *Loftis v. United Parcel Serv. Inc.*, which states, in part, that "[f]ailure to obtain unanimous consent forecloses the opportunity for removing under Section 1446." 342 F.3d 509, 516 (6th Cir. 2003). The Sixth Circuit nonetheless held that "technical defects in the removal procedure, such as a breach of the rule of unanimity. . . must be raised by a party within thirty days of removal or they are waived." *Id*. at 516-17.

Here, Plaintiffs filed the Motion to Remand well over thirty days after Service Plus Defendants filed the Removal Notice. (*Compare* Doc. 1 *with* Doc. 7.) Because the record reflects that Plaintiffs failed to object to the rule of unanimity violation within thirty days of removal, Plaintiffs waived the right to object to removal on rule of unanimity grounds.

### III.    ANALYSIS OF PLAINTIFFS' MOTION TO STRIKE ON THE GROUNDS OF INADMISSIBILITY

Plaintiffs' Motion to Strike asserts that the Exhibits are inadmissible evidence and, therefore, must be stricken.  (Doc. 9 at PAGEID # 179.) The Motion to Strike cites various Federal Rules of Evidence to establish that the Exhibits qualify as hearsay and do not fall under any exception to the hearsay rule. (*Id.*, citing F.R.E. 403, 803(6), 901-902.) However, Plaintiffs do not cite any authority in support of the argument that the Exhibits must be stricken, nor any authority that sets forth a standard to which judicial consideration of evidence is held in this procedural context. Service Plus Defendants argue that courts may consider any evidence submitted on the issue of diversity of citizenship, including summary judgment-type evidence. (Doc. 12 at PAGEID # 201.) Citing law from outside the Sixth Circuit, the Service Plus

5

Defendants conclude that "nothing. . . restricts the Court to considering only admissible evidence" for purposes of the issue presented. (*Id.*)

Although the Court does not disagree with Service Plus Defendants' assertion that federal courts have broad discretion in considering evidence, the Court does not agree with the implication that any evidence may be used to reach a conclusion regarding the citizenship of parties. In *Valdez v. Allstate Ins. Co.*, the Ninth Circuit held that information and belief "hardly constitutes as proof" of diversity in order to meet the jurisdictional requirements.[3] 372 F.3d 1115, 1116 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)). Moreover, *Matheson* held that evidence comprised of "conclusory allegations. . . [is] insufficient" to establish federal jurisdiction. 319 F.3d at 1090-91. "A conclusory allegation neither overcomes the strong presumption against removal jurisdiction, nor satisfies [the] burden of setting forth. . . the underlying facts supporting [the removing party's] assertion" that the jurisdictional requirements have been met. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

In this case, Plaintiffs submitted unauthenticated mortgage records asserting that Timothy was an Ohio citizen at the time of his death (Doc. 7 at PAGEID # 142-58), as well as an Unsworn Declaration by Shalanda asserting that Devenna was a citizen of Ohio (Doc. 11 at PAGEID # 197-98). Meanwhile, Service Plus Defendants submitted the Exhibits, arguing that they show Devenna was a citizen of Alabama at the time of her death. (Doc. 8.) Despite their questionable foundation and lack of authentication, the Court remains unconvinced that it must strike the Exhibits. *Cf. Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041-42 (S.D. Ohio 2011) (in context of a motion for summary judgment, "motions to strike are

---

[3] *See Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir. 1976) ("[w]hen the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims").

disfavored; a Court should ignore inadmissible evidence instead of striking it from the record"); *Summey v. Draughons Junior College, Inc.*, No. 3:07-0164, 2008 U.S. Dist. LEXIS 16762, at *14, 2008 WL 597648 (M.D. Tenn. Mar. 4, 2008) (in context of a motion for summary judgment, explaining that, "[a]s a general proposition, motions to strike are disfavored").

However, given the disputes concerning citizenship (domicile), and their potential effect on the diversity jurisdiction and fraudulent joinder issues, the Court will grant Service Plus Defendants' request for leave to conduct limited discovery on those issues prior to ruling on Plaintiffs' Motion to Remand. (Doc. 8 at PAGEID # 168-69.) The Court will also allow the parties, following the period of limited discovery set forth below, to submit supplemental briefing regarding the disputed issue of whether this Court has diversity jurisdiction over this action.

## IV.  CONCLUSION

Therefore, the Court grants Service Plus Defendants' request for limited discovery regarding the citizenship (domiciles) of Plaintiffs and the Green Estate (Doc. 8); denies Plaintiffs' Motion to Strike (Doc. 9); and declines to rule on Plaintiffs' Motion to Remand (Doc. 7) at this time, pending the completion of limited discovery and supplementary briefing.

The parties shall have sixty (60) days after the date of this Entry and Order to conduct discovery for the limited purpose of determining whether this Court has proper diversity jurisdiction over this action. At the conclusion of that discovery period, Plaintiffs shall have twenty-one (21) days to supplement their Motion to Remand. Following the filing of Plaintiffs' supplementary brief, Service Plus Defendants shall have fourteen (14) days to supplement their Brief in Opposition.[4]

---

[4] The Court acknowledges the valuable contribution and assistance of judicial extern Naomi Tellez in drafting this order.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, July 9, 2020.

                                                          s/Thomas M. Rose
                                      _____
                                                   THOMAS M. ROSE
                                  UNITED STATES DISTRICT JUDGE