**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| SHALANDA PATTERSON, | : | |
| ADMINISTRATOR OF THE ESTATE | : | |
| OF DEVENNA A. PATTERSON, | : | Case No. 3:19-cv-395 |
| *et al*., | : | |
| | : | Judge Thomas M. Rose |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SERVICE PLUS TRANSPORT, INC., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER CONCERNING SERVICE PLUS DEFENDANTS'
RESPONSE TO PLAINTIFF'S CERTIFICATION OF DELIVERY OF
DISCOVERY RESPONSES (DOC. 18) AND COMPELLING PLAINTIFF TO
RESPOND TO INTERROGATORY NUMBER 3 AND COMPLY WITH FED. R.
CIV. P. 33(b)(3) AND (5)**

---

Defendants Service Plus Transport, Inc., Service Plus Logistics, Inc., Service Plus, LLC, and SP Leasing, LLC (collectively, the "Service Plus Defendants") filed a "Response to Plaintiff's Certification of Delivery of Discovery Responses" (Doc. 18) (the "Certification Response") on November 6, 2020. As background, in its July 9, 2020 Order, the Court granted Service Plus Defendants' "request for limited discovery regarding the citizenship (domiciles) of Plaintiffs and the Green Estate" and further stated that "[t]he parties shall have [a limited time frame] to conduct discovery for the limited purpose of determining whether this Court has proper diversity jurisdiction over this action." (Doc. 13 at PAGEID # 211.) The Court explained that, "[i]f a case does not involve a federal question, then district courts have original jurisdiction only if the amount

1

in controversy exceeds $75,000 and there is complete diversity of citizenship."  (*Id.* at PAGEID # 207-08.)  The Order cited the Sixth Circuit's statement that, "[f]or purposes of diversity jurisdiction, citizenship means domicile: the state where a party both physically resides and intends to remain … [and] domicile is not necessarily synonymous with residence."  (*Id.* (quoting *Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014)).)

In the Certification Response, the Service Plus Defendants assert that Plaintiff Shalanda Patterson ("Plaintiff") "has not served complete answers to their interrogatories" and that her interrogatory responses were not verified.  (Doc. 18.)  The Service Plus Defendants also state: "These responses do not respond to the question asked.    16 of Plaintiff's responses are 'Objection. This is unrelated to jurisdiction.'   Thus, as to those 16 questions, Plaintiff has not really provided responses."  (*Id.*)   The Service Plus Defendants attach to the Certification Response a copy of the interrogatory responses served by Plaintiff.   (*See* Docs. 18-1 and 18-2.)

Having reviewed the interrogatories in light of the Court's July 9, 2020 Order and the Federal Rules of Civil Procedure, the Court largely disagrees with the Service Plus Defendants' arguments.   Three preliminary points.   First, a party certainly may object to an interrogatory. *See* Fed. R. Civ. P. 33(b)(3), (4).    Second, the Court notes that the Service Plus Defendants served (at least) 37 written interrogatories, despite Rule 33(a)(1) stating:   "Unless otherwise stipulated or ordered by the court, a party may serve on any party no more than 25 written interrogatories, including all discrete subparts."   Fed. R. Civ. P. 33(a)(1).   The Court is not aware of any stipulation or order by the Court that would allow more than 25 written interrogatories.   Third, Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and Rule 33(b)(5) requires that "[t]he person

2

who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3), (5).

Nearly all of the interrogatories to which Plaintiff answered with an objection that the interrogatory calls for information unrelated to jurisdiction are, in fact, interrogatories that call for information unrelated to jurisdiction. For example, Interrogatory 8 asks for a list of expenses "incurred in connection with the funeral, burial, cremation, or other means of attending to decedent's remains" and the identity of the person who paid for the expense. As another example, Interrogatory 17 asks: "Are you claiming any damages for pain or suffering of the decedent?" The Court is at a loss as to how such interrogatories relate to the citizenship (domiciles) of Plaintiffs and the Green Estate. However, the Court does find that Interrogatory 3 seeks information that could come within the limited scope of discovery allowed at this time by the July 9, 2020 Order.

For the reasons stated above, the Court **ORDERS** that, **on or before November 20, 2020**, Plaintiff (1) respond to Interrogatory Number 3 (Doc. 18-2 at PAGEID # 258), and (2) comply with the signature and oath requirements pursuant to Fed. R. Civ. P. 33(b)(3) and (5). The Court notes that it appears neither party has done a particularly good job of following the Court's July 9, 2020 Order and rules of discovery. The Court expects the parties to do better moving forward.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 10, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE