UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SHALANDA PATTERSON, ADMINISTRATOR OF THE ESTATE OF DEVENNA A. PATTERSON, *et al.*, | : : : : |
| Plaintiffs, | : Case No. 3:19-cv-395 : : Judge Thomas M. Rose : |
| v. | : : |
| SERVICE PLUS TRANSPORT, INC., *et al.*, | : : : |
| Defendants. | : |

_____

**ENTRY AND ORDER GRANTING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 7), REMANDING THIS MATTER TO THE COURT OF COMMON PLEAS OF CLARK COUNTY, OHIO, AND TERMINATING THIS CASE**
_____

Following limited discovery and supplemental briefing, this case is again before the Court on Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 7) (the "Motion to Remand"), filed by Shalanda Patterson, both personally ("Shalanda") and as the administrator of the Estate of Devenna A. Patterson ("Patterson Estate") (collectively, the "Plaintiffs"). Plaintiffs ask this Court to remand this case to the Clark County Court of Common Pleas because, according to Plaintiffs, this Court lacks subject matter jurisdiction due to a lack of complete diversity of citizenship. Defendants Service Plus Transport, Inc., Service Plus Logistics, Inc., Service Plus, LLC, and SP Leasing, LLC (collectively, the "Service Plus Defendants") filed a Memorandum in Opposition to the Motion (Doc. 8). Plaintiffs then filed a Reply in Support of the Motion. (Doc. 11.)

1

On July 9, 2020, the Court entered an Order that found Plaintiffs had waived their right to object to removal on "rule of unanimity" grounds, denied a motion to strike exhibits to the Service Plus Defendants' Opposition to the Motion to Remand, and granted the Service Plus Defendants' request for limited discovery regarding the citizenship of Plaintiffs and the Green Estate. (Doc. 13.) That limited discovery period has since closed. The parties then filed supplemental briefing on the Motion to Remand. (Docs. 15, 20, 21.) The matter is now ripe for review. For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 7).

I. BACKGROUND

According to the Complaint (Doc. 4), Timothy B. Green ("Timothy") drove a semi tractor-trailer off a roadway on February 17, 2019 and both Timothy and his passenger, Plaintiffs' decedent Devenna A. Patterson ("Devenna"), suffered fatal injuries as a result. The Complaint alleges that, at the time of the accident, Timothy was acting within the course and scope of his agency and/or employment with the Service Plus Defendants and/or C.D.L. Training Service and Consulting, Inc. ("CDL"). He allegedly drove the semi tractor-trailer off the roadway and through a guardrail, then the vehicle went over the edge of a cliff and fell more than 100 feet into a frozen lake. Plaintiffs allege that Devenna suffered fatal injuries as a direct and proximate result of Timothy's negligence.

Shalanda is Devenna's sister. According to the Complaint, she was appointed as the administrator of the Patterson Estate (i.e., Devenna's estate) by the Probate Court of Greene County, Ohio. She alleges that she brings this action in her representative capacity as the estate's administrator and on her own behalf as next of kin of the decedent, Devenna. The Complaint identifies an Ohio address for Shalanda, both in her representative and personal capacities. The

Complaint also identifies an Ohio address for the Estate of Timothy B. Green ("Green Estate") and alleges that the Green Estate "resides" in Ohio. (Doc. 4 at PAGEID # 95, 97.)

On November 13, 2019, Plaintiffs filed the Complaint in state court against the Service Plus Defendants, CDL, and the Green Estate. The Complaint includes claims—all brought on behalf of both the Patterson Estate and Shalanda in her individual capacity—for (1) wrongful death; (2) survivorship; (3) negligent entrustment; (4) negligent entrustment; (5) negligent hiring; (6) negligent training; (7) negligent entrustment; and (8) joint venture liability. The third, fourth, fifth, seventh, and eighth claims are not brought against CDL, while the sixth claim is not brought against the Service Plus Defendants.

On December 20, 2019, the Service Plus Defendants filed the Notice of Removal (Doc. 1) ("Removal Notice"), asserting that this Court has subject matter jurisdiction over the case. The Removal Notice contests Plaintiffs' assertion that Timothy was a citizen of Ohio at the time of his death. The Removal Notice also arguably implies that Plaintiffs fraudulently joined the Green Estate as a defendant for the purpose of destroying diversity jurisdiction. Plaintiffs filed the Motion to Remand on March 24, 2020. (Doc. 7.)

**II.    ANALYSIS**

The overarching issue is whether this case should be remanded to the Clark County Court of Common Pleas. There is no dispute that the amount-in-controversy requirement for diversity jurisdiction is satisfied.[1] The Service Plus Defendants argue that "[t]he parties to this case are completely diverse, meaning that diversity jurisdiction is appropriately exercised in this case." (Doc. 8 at PAGEID # 163.) Plaintiffs disagree, arguing that Devenna was a citizen of Ohio at the time of her death, the Complaint correctly alleges that the Green Estate is a citizen of Ohio (i.e.,

---

[1] Additionally, there is no dispute that the Service Plus Defendants are citizens of Minnesota and no dispute, at least at this time, that CDL is a citizen of Kentucky. (*See* Doc. 1 at PAGEID # 3; Doc. 4 at PAGEID # 96-97.)

that Timothy was a citizen of Ohio at the time of his death), and that they did not fraudulently join the Green Estate as a defendant in this action.

### A. Legal Standards for Removal and Fraudulent Joinder

Generally, a defendant may remove a civil action brought in state court to a federal district court if the federal district court has original jurisdiction over the case and meets other statutory requirements. 28 U.S.C. § 1441(a); *see also, e.g.,* 28 U.S.C. § 1446. The removing party bears the burden of demonstrating that the federal district court has original jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Additionally, the removal statute is "strictly construed," and all doubts on the issue of whether the federal district court has original jurisdiction over the case are "resolved in favor of remand." *Id.* at 549-50; *see also* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

One way in which a federal district court has original jurisdiction over a civil action is if the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different States. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(b)(2). "Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). "Diversity of citizenship must exist as to a party both at the time the state action is commenced and at the time the defendant files the petition for removal." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993). Additionally, the removal statute specifies that a civil action removable to federal court solely based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"For purposes of diversity jurisdiction, citizenship means domicile: the state where a party both physically resides and intends to remain." *Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014).  "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989) (internal quotation marks and citations omitted).  "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Id.*; *see also Fritz Dairy Farm*, 567 F. App'x at 398 (finding that, although the defendant "submitted an application to become a notary in Ohio, in which he stated that he was a 'legal resident' of the state and listed an Ohio address," the defendant was an Oklahoma citizen based on the evidence presented).  Thus, "[e]stablishment of a new domicile is determined by two factors:  residence in the new domicile, and the intention to remain there." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990); *see also Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996-97 (S.D. Ohio 2008) ("To establish new domicile, an individual must both reside in the new domicile and intend to remain there," and "[b]oth of these factors must be met") (internal quotation marks and citation omitted).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (internal quotation marks omitted).  "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan*, 176 F.3d at 907.  A fraudulently joined defendant is disregarded for purposes of determining whether diversity jurisdiction exists. *Ludwig v. Learjet, Inc.*, 830 F. Supp. 995, 997

5

(E.D. Mich. 1993); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds").

The removing party bears the burden of proving fraudulent joinder. *Jerome-Duncan*, 176 F.3d at 907. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," then the federal court "must remand the action to state court." *Id.* Thus, "[a] defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casias*, 695 F.3d at 432-33 (internal quotation marks omitted).

The plaintiff's motive in joining the defendant at issue is immaterial to the fraudulent joinder determination. *Jerome-Duncan*, 176 F.3d at 907. And, "[a]ll disputed questions of fact and ambiguities in the controlling . . . state law" must be resolved "in favor of the non-removing party." *Coyne*, 183 F.3d at 493 (internal quotation marks omitted). Determining whether a defendant was fraudulently joined is <u>not</u> the equivalent of determining whether the claim(s) against the defendant at issue would be dismissed in state court pursuant to the state equivalent of a Rule 12(b)(6) motion. *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 846 (S.D. Ohio 2002); *Legacy Com. Flooring Ltd. v. United Am. Healthcare Corp.*, No. 2:10-cv-486, 2010 U.S. Dist. LEXIS 88834, 2010 WL 3463364, at *2 (S.D. Ohio Aug. 27, 2010).

Finally, "[w]hen deciding a motion to remand, including fraudulent joinder allegations," the Court applies "a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias*, 695 F.3d at 433. The Court may, as appropriate, "pierce the pleading and consider summary judgment evidence, such as affidavits presented by the parties." *Id.*

(internal quotation marks omitted). Also, the Court "may look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Id.* (internal quotation marks omitted); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011) (courts generally agree that, "even if the district court pierces the pleadings to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential," and "any contested issues of fact must be construed in the plaintiff's favor") (internal quotation marks omitted).

### B. Citizenship of the Green Estate

The Court first addresses the Green Estate's citizenship. 28 U.S.C. § 1441(b)(2). The citizenship of the Green Estate is Timothy's citizenship at the time that he died. 28 U.S.C. § 1332(c)(2) ("For the purposes of [28 U.S.C. § 1332] and [28 U.S.C. §] 1441 … the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ….").

Plaintiffs argue that the Complaint correctly alleges that the Green Estate is a citizen of Ohio because Green resided in Ohio. Apart from making that allegation in the Complaint, Plaintiffs submit real estate records for property in Enon, Ohio, a CDL application that identifies an address in Enon, Ohio for Timothy, and a motor vehicle registration for the semi tractor-trailer involved in the accident that identifies an Ohio address for Timothy. Plaintiffs also assert that the Green Estate was opened in the Probate Court of Clark County, Ohio.

The Service Plus Defendants, on the other hand, argue that the Green Estate is a citizen of Kentucky. In support, the Service Plus Defendants rely on information contained in a crash report attached to the Removal Notice. The Service Plus Defendants argue that the crash report indicates

that Timothy's address was in Kentucky and that Timothy held a Kentucky driver's license at the time of the accident.

The Complaint alleges that the Green Estate "resides" at 306 South Xenia Drive in Enon, Ohio. (Doc. 4 at PAGEID # 97.) The crash report attached to the Removal Notice identifies a driver's license number from the state of Kentucky for Timothy. (*Id.* at PAGEID # 28-29.) The crash report also identifies a driver's license number from the state of Kentucky for Devenna (*id.* at PAGEID # 29-30), yet no party argues that Devenna is a citizen of Kentucky. The crash report also identifies 210 Steel Drive, Elizabethtown, Kentucky as both Timothy's address and Devenna's address. (*Id.* at PAGEID # 28-30.) However, the Complaint alleges that same address—210 Steel Drive, Elizabethtown, Kentucky 42701—is CDL's business location. (Doc. 4 at PAGEID # 95, 96.) And, the Service Plus Defendants acknowledge that Timothy "owned property with his wife in Enon, Ohio, but was simultaneously living with Devenna in Fairborn, Ohio." (Doc. 21 at PAGEID # 283.)

The citizenship issue here is complicated by Timothy's apparent employment as a commercial truck driver. Ultimately, the Court finds that the Service Plus Defendants have not demonstrated that the Green Estate is a Kentucky citizen. The crash report listing a Kentucky address for Timothy (an address that is alleged in the Complaint to be CDL's business location—which the Service Plus Defendants do not dispute) and a Kentucky license for Timothy does not convince the Court otherwise in light of the other evidence, particularly given that the license's date of issuance is unknown and the Kentucky licensing statutes cited by the Service Plus Defendants speak in terms of residency, not citizenship. *Fritz Dairy Farm*, 567 F. App'x at 398 (for purposes of diversity jurisdiction, citizenship is not necessarily synonymous with residence); *Roehm v. Wal-Mart Stores, Inc.*, No. 07-10168, 2007 U.S. Dist. LEXIS 40773, 2007 WL 1650701,

8

at *2 (E.D. Mich. June 4, 2007) (granting motion to remand after finding that a party was an Arkansas citizen, despite that party retaining a Michigan driver's license).

### C. Alleged Fraudulent Joinder of the Green Estate

The Service Plus Defendants also argue that Plaintiffs fraudulently joined the Green Estate as a defendant for the purpose of destroying diversity of citizenship. The Service Plus Defendants assert that, "[i]n this case, there is no indication that the Plaintiff has a good faith intention to pursue this case against the Green Estate." (Doc. 8 at PAGEID # 167.) In support, the Service Plus Defendants say that it appears the Green Estate has yet to be served and that Plaintiffs have done nothing to proceed against the Green Estate, despite the case being filed more than a year ago. They also state that Devenna and Timony were not simply coworkers but had started a business together and lived together. According to the Service Plus Defendants, this all "suggests that Ms. Patterson's Estate does not have any real intention of obtaining a recovery against the Green Estate." (Doc. 8 at PAGEID # 168.)

In response, Plaintiffs argue that Timothy caused Devenna's death by driving his truck off a bridge into a frozen lake—he is the tortfeasor and his estate is a necessary party in this case. Again, the Complaint alleges that Devenna suffered fatal injuries as a direct and proximate result of Timothy's negligence.

The Court finds that the Service Plus Defendants have not met their burden of proving that Plaintiffs fraudulently joined the Green Estate in the action.[2] Under Ohio law, the estate of a

---

[2] The Court does not address whether the forum defendant rule applies; there is no evidence that the Green Estate has been properly served. 28 U.S.C. § 1441(b)(2) (a civil action removeable to federal court solely based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought") (emphasis added); *see also Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989); *Lattimer v. Nationwide Mut. Ins. Co.*, No. 3:20-cv-28, 2020 U.S. Dist. LEXIS 181316, 2020 WL 5810005, at *3 (S.D. Ohio Sept. 30, 2020) (granting motion for remand because the forum defendant rule disallowed federal removal where both defendants had been served, both defendants were Ohio citizens, and jurisdiction in federal court was premised only on diversity jurisdiction).

deceased person may bring a claim for wrongful death against the estate of a person who (allegedly) caused the death by wrongful act or neglect. Ohio Rev. Code § 2125.01; *see also, e.g., Wise v. Timmons*, 64 Ohio St. 3d 113, 1992-Ohio-117, 592 N.E.2d 840 (Ohio 1992) (administrator of the estate of one accident victim brought wrongful death claim against the estate of the other accident victim). The Service Plus Defendants have not presented sufficient evidence that one or more of the Plaintiffs could not establish a cause of action against the Green Estate under Ohio law. *Coyne*, 183 F.3d at 493; *see also Jerome-Duncan*, 176 F.3d at 907 (a plaintiff's motive for joining a non-diverse defendant to the action is immaterial to the fraudulent joinder analysis).

Additionally, the Court finds that *Estate of Morgan v. Cabela's, Inc.*, No. 09-91-CFVT, 2010 U.S. Dist. LEXIS 155761, 2010 WL 11646777 (E.D. Ky. Jan. 11, 2010), cited by the Service Plus Defendants in support of their argument, is factually and procedurally distinguishable and does not require that this Court find that Plaintiffs fraudulently joined the Green Estate. In *Estate of Morgan*, the district court found fraudulent joinder where the plaintiff estate joined the decedent's niece as a defendant in the lawsuit and subsequently dropped all claims against the niece, allegedly due in part to "family concerns," after the one-year time limit on removal under 28 U.S.C. § 1446(b) had passed. *Estate of Morgan*, 2010 WL 11646777, at *4-5. The Court does not find that the "extraordinary circumstances that invite[d] consideration of alternative formulations of the fraudulent joinder test" in the *Estate of Morgan* case are present in this case. *Id.*

### D. Citizenship of the Patterson Estate

The Court next addresses the Patterson Estate's citizenship. As with the Green Estate, the citizenship of the Patterson Estate is Devenna's citizenship at the time that she died. 28 U.S.C. § 1332(c)(2) ("For the purposes of [28 U.S.C. § 1332] and [28 U.S.C. §] 1441 … the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as

10

the decedent …."). Plaintiffs argue that the Patterson Estate is a citizen of Ohio, while the Service Plus Defendants argue that it is a citizen of Alabama.

In support of Ohio citizenship, Plaintiffs submit a declaration from Shalanda, which states that she knew her sister (Devenna) her entire life and is familiar with the places where she lived. Among other things, Shalanda's declaration states that:

- "Devenna A. Patterson moved to Ohio in October of 2018 and was leasing an apartment at the Cedar Village Apartments in Fairborn, Ohio. … Devenna A. Patterson was paying utilities and cable for that apartment, until the time of her death."

- "Devenna A. Patterson left Alabama because she had been sexually abused there. She went to trucking school in Kentucky, where she received her commercial driver's license, and then subsequently moved to Ohio with clear intent to remain."

- "[Shalanda] moved to Ohio from Alabama because her dear sister Devenna A. Patterson had already moved to Ohio with an intention to settle there."

- "Devenna A. Patterson had never expressed any desire or intention to return to Alabama to live, once she had begun living in Fairborn, Ohio."

(Doc. 20-3.) Thus, based on Shalanda's declaration, Devenna had moved to Ohio approximately four months before the accident. Additionally, Plaintiffs' responses to requests to admit state that Devenna had opened two bank accounts in Ohio. Plaintiffs' interrogatory responses state that Devenna's place of birth was Alabama and her residence address at the time of death was 1894 S. Cedar Village Court in Fairborn, Ohio; Devenna held a Kentucky driver's license; Devenna was registered to vote in Alabama; Devenna went to a church in Dayton, Ohio; and Devenna never expressed a desire to live in any state other than Ohio after October 2018 and prior to her death.

In support of their argument that Devenna remained an Alabama citizen, the Service Plus Defendants submit that: (1) a Facebook page belonging to Devenna (that is apparently different from another one identified by Plaintiffs) states Devenna's "Current city" is "Prichard, Alabama";

11

(2) Devenna's funeral was held in Mobile, Alabama; and (3) Devenna was a registered voter in Alabama (not Ohio) who had voted in Alabama in 2014 and 2017.

The Court finds that the Patterson Estate is a citizen of Ohio for purposes of diversity jurisdiction. *Von Dunser*, 915 F.2d at 1072; 28 U.S.C. § 1332(c)(2). On balance, the evidence supports that, at the time of her death, Devenna resided in Ohio and intended to remain there. Although the Facebook page submitted by the Service Plus Defendants states that Devenna's "Current city" is in Alabama, it is unknown when that Facebook page was last updated. Also, it is undisputed that Devenna had previously lived in Alabama and, in fact, was born and grew up there. Thus, it is not surprising that her funeral would take place in Alabama even if she had recently moved to Ohio and intended to remain in Ohio. And, the last time that Devenna voted in Alabama was in 2017—prior to her move to Ohio.

### III. CONCLUSION

This analysis leads to the conclusion that the Motion to Remand should be granted and this matter should be remanded to state court.[3] The Service Plus Defendants have not met their burden of demonstrating that this Court has original jurisdiction over the case. *Eastman*, 438 F.3d at 549-50. More specifically, the Service Plus Defendants have not met their burden of demonstrating that there is diversity of citizenship. *Id.*; *Jerome-Duncan*, 176 F.3d at 907. The Service Plus Defendants likewise have not met their burden of proving that Plaintiffs fraudulently joined the Green Estate. *Id.*; *Coyne*, 183 F.3d at 493. Therefore, for the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 7), **REMANDS** this matter to the Court of Common Pleas for Clark County, Ohio, and **TERMINATES** this case on the Court's docket.

---

[3] The Court need not, and does not, address the Service Plus Defendants' argument that Shalanda is not a proper plaintiff.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, January 8, 2021.

                                                s/Thomas M. Rose

                                            THOMAS M. ROSE
                                   UNITED STATES DISTRICT JUDGE